UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rafael Alberto Llovera,<br>*aka* Rafael Alberto Llovera-Linares,<br><br>                    Petitioner,<br><br>vs.<br><br>State of Florida,<br><br>                    Respondent. | C/A No. 4:13-0859-TMC-TER<br><br><br><br><br>ORDER |

      This is an action seeking habeas corpus relief under 28 U.S.C. § 2241. Although Petitioner is incarcerated, his petition was not mailed from a prison address, so the prison mailbox rule established by *Houston v. Lack*, 487 U.S. 266 (1988), does not apply to this case. Under Local Civil Rule 73.02(B)(2)(D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**PAYMENT OF THE FILING FEE**:

      Petitioner requests to proceed without paying the five dollar filing fee in his self-styled Motion to Proceed in Forma Pauperis. ECF No. 2. Petitioner attaches sixteen pages to his motion, including an "Affidavit of Insolvency," which is substantially similar to an Application to Proceed without Prepayment of Fees and Affidavit (Form AO-240). Petitioner also attaches inmate financial account information for his imprisonment from August 2005 to June 2007, but this outdated account information is irrelevant and will not be considered. Based on a review of the motion and attached "affidavit of insolvency," the Petitioner's Motion to Proceed in Forma Puaperis is **granted**. Petitioner's *in forma pauperis* status permits him to proceed in this case without paying the five dollar filing fee.

**MOTION TO APPOINT COUNSEL**:

      Petitioner also filed a motion to appoint counsel in this habeas action. ECF No. 3. A petitioner in a non-capital habeas case has no right to court-appointed counsel. *See McFarland v. Scott*, 512 U.S. 849, 857 n.3 (1994). However, under Rule 8 of the Rules Governing Section 2254[*] Cases, "the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A," but only "if an evidentiary hearing is warranted." Rule 8(c),

---

[*] The Rules Governing Section 2254 Cases may be applied in habeas actions filed pursuant to 28 U.S.C. § 2241. Rule 1(b) of the Rules Governing Section 2254 Cases states a "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

Rules Governing Section 2254 Cases. Service of the petition and an evidentiary hearing are not justified in this case. The court also has discretionary authority to appoint counsel in a civil action brought by a litigant proceeding *in forma pauperis*, but only "in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The petition does not present unusual or extraordinary circumstances to justify the appointment of counsel in this habeas case. Petitioner's motion for appointment of counsel is **denied.**

**TO THE CLERK OF COURT:**

The Clerk of Court shall **not** serve the § 2241 petition upon the respondent because the petition is subject to dismissal for lack of jurisdiction.

**The Clerk of Court shall add to the docket the name Rafael Alberto Llovera-Linares as another known name for Petitioner. Petitioner signed the petition with the last name Llovera-Linares, but uses the last name of Llovera interchangeably**.

The Clerk of Court shall not enter any change of address submitted by Petitioner which directs that mail be sent to a person other than Petitioner unless that person is an attorney admitted to practice before this court who has entered a formal appearance. It appears that Petitioner provided a current address that is not the place of his current incarceration. If mail sent to Petitioner is returned to the court as undelivered, the Clerk of Court shall immediately notify the assigned judge.

**TO PETITIONER**:

Petitioner must place the Civil Action Number (C/A No. 4:13-859-TMC-TER) listed above on any document filed in this case. **Any future filings in this case must be sent to: P.O. Box 2317, Florence, South Carolina 29503**. All documents requiring Petitioner's signature shall be signed with Petitioner's full legal name written in Petitioner's own handwriting. *Pro se* litigants shall *not* use the "s/typed name" format used in the Electronic Case Filing System. In all future filings with this court, Petitioner is directed to use letter-sized (8½ inches x 11inches) paper only, to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper. Petitioner is further instructed not to write to the edge of the paper, but to maintain one inch margins on the top, bottom, and sides of each paper submitted.

Petitioner is a *pro se* litigant. Petitioner's attention is directed to the following important notice:

> You are ordered to always keep the Clerk of Court advised **in writing** (**P.O. Box 2317, Florence, South Carolina 29503**) if your address changes for any reason, <u>so as to assure that orders or other matters that specify deadlines for you to meet will be received by you</u>. If as a result of your failure to comply with this order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this order.** Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing

of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.

**IT IS SO ORDERED.**

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 6, 2013
Florence, South Carolina